1
2
3
4                    UNITED STATES DISTRICT COURT
5                        DISTRICT OF NEVADA
6                                * * *
7   SHELLEY D. KROHN, Chapter 7 Trustee,          Case No. 2:14-cv-00620-RFB-PAL
8                              Plaintiff,                    ORDER
9        v.                                    (Mtn for Svs by Publ'n – Dkt. #30)
10  EQUITY TITLE, LLC, et al.,
11                             Defendants.
12

13          This matter is before the court on Plaintiff Shelley D. Krohn, the chapter 7 trustee of the

14  bankruptcy estate of William Walter Plise's, Motion for Extension of Time to Serve Defendants

15  and to Serve Defendants by Publication (Dkt. #30).  The Motion is supported by Affidavits of

16  Diligence from Plantiff's process servers and an Affidavit of Reda M. Hicks, Plaintiff's counsel.

17  The court has considered the Motion and supporting affidavits.

18          Plaintiff filed the Complaint (Dkt. #1) on April 22, 2014, and began efforts to serve

19  summons on April 25, 2014.  Plaintiff served Defendants Equity Title LLC and Robert Evans.

20  *See* Summons Returned Executed (Dkt. ##15, 16).  Since April 25, 2014, Plaintiff has attempted

21  to serve Defendants William W. Plise, James L. Moore, and Aquila Management LLC multiple

22  times using local process servers.  The Affidavits of Due Diligence from Plaintiff's process

23  servers, attached as Exhibit A to the Motion, aver that on April 30, 2014, a process server

24  Barbara Stinnett attempted service on Plise at 12624 Calistoga Way, Austin, Texas, 78732.  The

25  current resident of that home advised that her daughter was renting the home and had moved in

26  approximately six weeks earlier.  The process server attempted to confirm this information with

27  the neighbor across the street, but no one answered the door.

28  / / /

1    Plaintiff's process server Maurice Hicks attempted to serve Plise at 2711 W. Windmill

2    Lane, Las Vegas, Nevada, 89123 on May 6, and May 29, 2014.  Mr. Hicks' affidavit represents

3    that the resort manager at the RV park refused to give Mr. Plise's location on the property but

4    confirmed Plise did live there.  The affidavit further indicates the community was guard gated,

5    and the guard only granted access to the front office and not the rest of the property without

6    permission of the resident.

7    On May 2, 3, and 5, 2014, Hicks attempted to serve Defendant James L. Moore at 31 Sky

8    Bird Lane, Las Vegas, Nevada, 89135.  On May 2, 2014, the guard confirmed Moore was a

9    resident in the gated community and escorted Hicks to the address.  No one answered the door on

10   that date, or on the third or the fifth.  On May 5, 2014, however, the process server observed

11   lights on in the residence, two cars parked in front of the residence, and two cars parked in the

12   driveway behind the residence.

13   Additionally, the affidavit of counsel represents that counsel contacted Plise's bankruptcy

14   attorney for additional addresses at which Defendants might be served.  Further, counsel

15   indicates that Plise is the resident agent for Defendant Aquila Management, LLC.  Counsel also

16   searched public records, Westlaw, and LexisNexis, but those searches produced no additional

17   addresses for Defendants.

18   Plaintiff believes Defendants are actively avoiding service, and therefore, requests

19   permission to serve Defendants by publication.  In addition, Plaintiff seeks an extension of time

20   to serve the Complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which

21   mandates the court extend the deadline where good cause is shown.  Plaintiff asserts that good

22   cause exists because Defendants are evading service.  Plaintiff contends no prejudice will result

23   from the requested extension because the deadlines in this case are stayed pending resolution of

24   the Motion to Dismiss.

25   Rule 4 of the Federal Rules of Civil Procedure governs service of summons, and it

26   mandates that service of process must be made within 120 days of filing the complaint.  *See* Fed.

27   R. Civ. P. 4(m).  If service of summons and complaint is not made in that time, the Rule

28   provides:

1

2

3

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

4

5

Fed. R. Civ. P. 4(m).

6

7

8

Plaintiff's complaint was filed on April 22, 2014. Thus, Plaintiff must have served process no later than August 20, 2014, the date the Motion was filed, in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

9

**II.     Request for Service by Publication.**

10

11

12

13

14

15

16

17

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows for service upon individuals within the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id*. In Nevada, NRCP 4 governs service of process. Parties are required to personally serve summons and the complaint upon a defendant; however, when personal service proves impossible, NRCP 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." *Id.*

18

19

20

21

22

23

24

25

26

27

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. *See* NRCP 4(e)(1)(i). A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service. Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendants, such as consulting public directories and family members. *See Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990), *overruled on other grounds by NC-DSH, Inc.,* 218 P.3d 853, 862 (Nev. 2009); *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

28

/ / /

1    In *Price*, the Nevada Supreme Court found service by publication was not warranted,

2    stating "where other reasonable methods exist for locating the whereabouts of a defendant,

3    plaintiff should exercise those methods." 787 P.2d at 786-7. There, the plaintiff contacted the

4    defendant's stepmother, and upon hearing that the defendant lived out of state, moved for service

5    by publication. *Id*. at 105. The *Price* court held that, "although [plaintiff's] affidavit technically

6    complies with NRCP 4(e)(1)(i), her actual efforts, as a matter of law, fall short of the due

7    diligence requirement to the extent of depriving [defendant] of his fundamental right to due

8    process." *Id*. On the other hand, in *Abreu*, the Nevada Supreme Court determined that plaintiff

9    exercised due diligence in attempting service and could resort to service by publication. 985

10   P.2d at 747. There, the plaintiff had made attempted to serve the defendant at his possible

11   address on three occasions and had consulted telephone company directories to locate the

12   defendant. *Id*.

13   Here, Plaintiff attempted to serve Plise and Aquila Management, LLC, on three occasions

14   at two addresses—one in Nevada and one in Texas. Plaintiff attempted to serve Moore on three

15   occasions at one address. Plaintiff represents it contacted Plise's bankruptcy attorney for

16   additional addresses. In addition, Plaintiff conducted searches in Westlaw, LexisNexis, and

17   public record to find alternate addresses for these Defendants without success. Plaintiff has not

18   specified what public records they searched, or whether they searched them in Nevada, Texas, or

19   both. Plaintiff was informed that Plise resided in a gated community but was continually denied

20   access to serve him there.

21   With respect to Plise and Aquila Management, LLC, NRS 14.090(1)(a) governs. It

22   provides that if a person resides in a place where access is not reasonably available except

23   through a gate, and the guard denies access to the residence, that person may be lawfully served

24   with any legal process by leaving a copy of the summonses and Complaint with the guard. NRS

25   14.090(1)(a). With respect to Moore, the court does not find three attempts to serve him with

26   process at one address over a three-day period qualifies as due diligence. Further, the court has

27   no information concerning the efforts made to search public records to locate alternative

28   addresses for this Defendant.

Accordingly,

**IT IS ORDERED** that the Motion to Serve (Dkt. #30) is GRANTED IN PART and DENIED IN PART as follows:

1.  Plaintiff's request to extend the time to serve Defendants William W. Plise, Aquila Management, LLC, and James L. Moore is GRANTED.  Plaintiff shall have until **December 8, 2014,** to serve Defendants with process.

2.  Plaintiff's request to serve Defendants William W. Plise and Aquila Management, LLC, by publication is DENIED.  Plaintiff shall employ the method authorized by NRS 14.090(1)(a) to serve these Defendants.

3.  Plaintiff's request to serve Defendant James L. Moore by publication is DENIED WITHOUT PREJUDICE.

Dated this 6th day of October, 2014.



PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE