UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Shelley D. Krohn,<br><br>                                 Plaintiff,<br><br>   v.<br><br>Equity Title, LLC, et al.,<br><br>                                 Defendants. | Case No. 2:14-cv-00620-RFB-PAL<br><br>ORDER GRANTING MOTION TO DISMISS |

**I.  Background**

Before this Court is Defendant Equity Title LLC's ("Equity Title") Motion to Dismiss the Complaint for lack of subject matter jurisdiction. ECF No. 14.

According to the Complaint, Plaintiff Shelley D. Krohn is the Chapter 7 Trustee for the estate of William Walter Plise. Krohn is also the authorized assignee of Clayton Mortgage Company and FNBN-CMLCON 1, LLC. Krohn alleges that, when acting as an escrow holder in four loan transactions, Defendant Equity Title misdirected substantial loan funds to Defendant Aquila Management LLC and that Defendants William Walter Plise, James L. Moore, Robert M. Evans, and John Doe misused funds for their own benefit. Compl., ECF No. 1. Krohn claims that, as a result, Clayton Mortgage and FNBN-CMLCON have lost significant funds. Id.

Krohn brought the instant lawsuit in this Court on April 22, 2014. Krohn alleged fifteen claims for relief: Fraud (against Doe and Plise), Fraud (against Doe, Plise, and Eveans), Aiding and Abetting Fraud (against Equity Title re Clayton Mortgage Loans), Aiding and Abetting Fraud (against Equity Title re Bank Loans), Aiding and Abetting Fraud (against Evans), Breach of Fiduciary Duty (Against Equity Title re Clayton Mortgage Loans), Breach of Fiduciary Duty (Against Equity Title re Banks Loans), Aiding and Abetting Breaches of Fiduciary Duty

1  (Against Doe, Plise, and Evans), Aiding and Abetting Breach of Fiduciary Duty (Against Equity
2  Title), Negligence (Against Equity Title), Gross Negligence (Against Equity Title), Breach of
3  Contract (Against Equity Title), Unjust Enrichment (Against Aquila Management, Plise, Evans,
4  and Moore), Fraudulent Transfer pursuant to Nev. Rev. Stat. 112.180(a) and 112.210 (against
5  Aquila Management, Plise, Evans, and Moore), and Fraudulent Transfer pursuant to Nev. Rev.
6  Stat. 112.190 and Nev. Rev. Stat. 112.210 (against Aquila Management, Plise, Evans, and
7  Moore). Id.

8  On May 22, 2014, Defendant Equity Title filed the instant Motion to Dismiss.  No other
9  defendants had appeared at that time.  Since the filing of the instant Motion, Defendants Evans
10  and Moore have appeared, and the parties stipulated to Evans's and Moore's answers being due
11  twenty-one days after the resolution of the instant Motion to Dismiss.  ECF Nos. 31, 37.
12  Defendants Plise and Aquila Management were served on Dec. 13, 2014, ECF Nos. 34, 35, but
13  have not appeared.

14  Discovery is stayed pending a decision on the instant Motion to Dismiss.  ECF No. 24.

**II.   Legal Standard**

17  "Federal courts are courts of limited jurisdiction.  They possess only that power
18  authorized by Constitution and statute . . . .  It is to be presumed that a cause lies outside this
19  limited jurisdiction and the burden of establishing the contrary rests upon the party asserting
20  jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations
21  omitted).  To invoke a federal court's limited subject matter jurisdiction, a complaint need only
22  provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P.
23  8(a)(1). Ordinarily, the court will accept the plaintiff's factual allegations as true unless they are
24  contested by the defendant.  Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).  A
25  defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ.
26  P. 12(b)(1).  If subject matter jurisdiction is challenged, the burden is on the party asserting
27  jurisdiction to establish it.  In re Dynamic Random Access Memory Antitrust Litigation, 546
28  F.3d 981, 984 (9th Cir. 2008).  Dismissal under Rule 12(b)(1) is appropriate if the complaint,

considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. Id. at 984–85.

A defendant may challenge jurisdiction under Rule 12(b)(1) in one of two ways. Leite, 749 F.3d at 1121. First, the challenge can be "facial," whereby the defendant contends that the plaintiff's allegations, even if true, are nonetheless insufficient to invoke jurisdiction in federal court. Id. When presented with a facial attack, the court determines whether, accepting the facts as alleged by the plaintiff and drawing all reasonable inferences in the plaintiff's favor, the complaint invokes the court's jurisdiction. Id.; Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013). Second, the challenge may be "factual," where the defendant "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." Leite, 749 F.3d at 1121. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

### III.   Discussion

Defendant Equity Title has moved to dismiss the action, brought originally in this Court, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Equity Title argues that the Complaint, which alleges federal question jurisdiction, facially fails to establish subject matter jurisdiction in this Court. Mot. to Dismiss 3:5–9. The Court agrees and accordingly grants the Motion to Dismiss. However, the Court also finds the allegations in the Complaint insufficient to disprove subject matter jurisdiction, so the Court grants Krohn leave to amend the Complaint so she may attempt to cure jurisdictional defects.

#### A.   Federal Question Jurisdiction

Krohn has brought this action before this Court on the basis of jurisdiction pursuant to 28 USC § 1331 (federal question jurisdiction) as well as supplemental jurisdiction pursuant to 28 USC § 1367, only. However, Krohn has alleged nothing which implicated questions of federal law.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question

jurisdiction is usually the result of federal law creating the cause of action. Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). However, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues," but only "if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts . . . ." Id. at 312–14. Supplemental jurisdiction further permits, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Here, the Complaint asserts fifteen state-law claims: two claims of fraud, three claims for aiding and abetting fraud, two claims of breach of fiduciary duty, two claims of aiding and abetting breach of fiduciary duty, two claims for fraudulent transfer, and one claim each of negligence, gross negligence, breach of contract, and unjust enrichment. The Complaint includes no federal law causes of action. Furthermore, the Complaint alleges no relation between any state claim and any federal issues, and the Complaint raises no disputed federal issues that are central to the case.

In opposing the Motion to Dismiss, Krohn does not dispute the absence of federal question jurisdiction under 28 U.S.C. § 1331, instead asserting bankruptcy proceeding subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b). Resp. 2, ECF No. 18. However, pursuant to Fed. R. Civ. Proc. 8(a)(1), a pleading must include "a short and plain statement of the grounds for the court's jurisdiction . . . ." See D. Nev. R. 8-1 ("The first allegation of any complaint . . . shall state the statutory or other basis of claimed federal jurisdiction and the facts in support thereof."). Here, the Complaint alleges *only* federal question jurisdiction, and, as the factual allegations in the Complaint do not support federal question jurisdiction, allegations of bankruptcy jurisdiction in opposition papers are insufficient. Consequently, the Court finds that Krohn's Complaint facially fails to demonstrate original subject matter jurisdiction over any claim, and, because the Court lacks original jurisdiction over any claim, supplemental jurisdiction is inapplicable. Accordingly, the action must be dismissed for lack of subject matter

jurisdiction.

However, a complaint may, with permission of the Court, be amended to show jurisdictional facts. 28 U.S.C. § 1653. In her opposition brief, Krohn suggests as much: "Plaintiff could amend to include more detail concerning these facts if permitted by the Court to do so. That these claims are so inextricably linked to the bankruptcy proceeding, provides a second way in which those claims 'arise in or relate to' a proceeding under title 11, giving this Court original jurisdiction over them." Resp. ¶ 9. The Court thus considers whether permitting amendment to claim alternative jurisdiction is appropriate.

### B. Bankruptcy Jurisdiction

In opposing the Motion to Dismiss, Krohn argues this Court's "Jurisdiction is Proper Under 28 U.S.C. § 1334(b)." Resp. 2:11.

In General, "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. Thus, there are two possible prongs for bankruptcy jurisdiction. "Arising under" and "arising in" jurisdiction is the first of these prongs. "Proceedings 'arising under' title 11 involve causes of action created or determined by a statutory provision of that title. Similarly, proceedings 'arising in' title 11 are not those created or determined by the bankruptcy code, but which would have no existence outside of a bankruptcy case." In re Wilshire Courtyard, 729 F.3d 1279, 1285 (9th Cir. 2013) (citations omitted). "[T]he fact that a matter would not have arisen had there not been a bankruptcy case does not ipso facto mean that the proceeding qualifies as an 'arising in' proceeding." Id. at 1287.

"Related to" jurisdiction is the second prong. "'[R]elated to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." Id. at 1287. "The 'close nexus' test determines the scope of bankruptcy court's post-confirmation 'related to' jurisdiction. . . . [T]he test encompasses matters 'affecting the interpretation, implementation, consummation, execution, or administration of the confirmed plan.' The close nexus test 'recognizes the limited nature of post-confirmation jurisdiction but retains a certain flexibility.'" Id. at 1287 (quoting In re Pegasus Gold Corp., 394 F.3d 1189 (9th Cir. 2005).).

1    Based on the facts alleged in Krohn's Complaint and in her Response, the Court is not
2 convinced that bankruptcy jurisdiction is appropriate in the instant case. However, because
3 bankruptcy jurisdiction and supporting facts have been inadequately pled, the Court is also not
4 convinced bankruptcy jurisdiction is inappropriate. Accordingly, the Court need not—and will
5 not—decide presently whether this Court has jurisdiction over the instant case pursuant to 28
6 U.S.C. § 1334. Instead, the Court will grant Krohn fourteen days to amend, and the Court will
7 evaluate bankruptcy jurisdiction as pled in an amended complaint, should one be filed.

8    **C.    Diversity Jurisdiction**

9    While the Complaint does not allege diversity jurisdiction, Equity Title raises the matter
10 of diversity, presumably to forestall any claims jurisdiction pursuant to 28 U.S.C. § 1332(a).
11 E.g. Mot. to Dismiss 1:4–6 ("This matter involves a complaint for state-law claims filed against
12 non-diverse defendants."). Therefore, the Court briefly considers diversity jurisdiction, and finds
13 the allegations in the Complaint inconclusive regarding diversity jurisdiction.

14   Diversity jurisdiction is established by statute: "The district courts shall have original
15 jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of
16 $75,000, exclusive of interest and costs, and is between [diverse parties.]" 28 U.S.C. § 1332(a).
17 Courts treat limited liability companies the same as partnerships for diversity jurisdiction
18 purposes, and therefore look to the citizenship of each member of the company. Johnson v.
19 Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Unlike a corporation,
20 an LLC is not a citizen of the state in which it was organized unless one of its members is a
21 citizen of that state. See Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1085 (9th
22 Cir. 2014). Diversity is thus lacking if any LLC member is a citizen of the same state as an
23 opposing party.

24   The complaint plainly states monetary damages well in excess of $75,000. However, the
25 citizenship of the parties are largely unalleged in the complaint. Defendant William Walter Plise
26 is an individual resident of Nevada. Plise is alleged to own Aquila Investments LLC which in
27 turn owns Aquila Management LLC. Therefore, Defendants Acquilla Management LLC and
28 Plise are citizens of Nevada for diversity jurisdiction purposes. However, Plaintiff Krohn's

citizenship is not alleged. Similarly, Defendants Robert M. Evans and James L. Moore are individuals, but their citizenship is not alleged in the Complaint. Defendant Equity Title LLC is a Nevada limited liability company whose sole manager is Orange Coast Title Company, but, again, no information regarding citizenship is alleged.

As the Complaint alleges facts insufficient to either establish or to preclude diversity of citizenship, the Court can only conclude at this time that the Complaint fails to demonstrate diversity jurisdiction. If Krohn believes she can assert facts sufficient to establish diversity jurisdiction, she may do so in an amended complaint.

### D.     Tolling

Krohn has requested a tolling instruction pursuant to Nev. Rev. Stat. 11.500(1)(b) and 28 U.S.C. § 1367(d) in the event this Court dismisses her Complaint. Resp. ¶¶ 16, 17. Under such a saving statute, upon dismissal in this Court for lack of subject matter jurisdiction, Krohn may be able to bring her claim in state court. However, it is unclear how this Court, lacking subject matter jurisdiction, could issue a binding order addressing tolling; that would be a matter to be decided by a court with jurisdiction over the action. Regardless, the Court has given Krohn leave to amend and declines to consider tolling at this time.

## IV.    Conclusion

In sum, the Complaint inadequately establishes subject matter jurisdiction, but Krohn will be permitted to amend the Complaint if she believes she can establish subject matter jurisdiction pursuant to 28 U.S.C. § 1334 or other law. Accordingly,

IT IS ORDERED that Motion to Dismiss, ECF No. 14, is GRANTED and the action is DISMISSED without prejudice. Plaintiff Krohn may file, by August 17, 2015, an amended complaint.

Dated: August 3, 2015.

_____
RICHARD F. BOULWARE II
UNITED STATES DISTRICT COURT